DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

In the Interest of J.N.G. and A.N.G, children.

E.N.,

Appellant,

v.

DEPARTMENT OF CHILDREN AND FAMILIES and
STATEWIDE GUARDIAN AD LITEM OFFICE,

Appellees.

No. 2D2023-1845

_____

August 2, 2024

Appeal from the Circuit Court for Sarasota County; Andrea McHugh, Judge.

Sean Powers of McNary Powers, PLLC, Bradenton, for Appellant.

Stephanie C. Zimmerman, Deputy Director & Statewide Director of Appeals, Children's Legal Services, Bradenton, for Appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Appellate Division, Tallahassee, for Appellee Statewide Guardian ad Litem Office.

PER CURIAM.

Attorney Sean Powers, Florida Bar Number 125730, appeared before this court on June 11, 2024, to show cause why sanctions should not be imposed for his failure to comply with this court's orders.

Attorney Powers filed the notice of appeal of the order terminating the mother's parental rights on August 28, 2023. Termination of parental rights proceedings are to follow an expedited schedule. *See* Fla. R. App. P. 9.146(g), (h).

On August 31, 2023, this court issued an order directing Attorney Powers to file designations to the court reporter or a status report stating that no designations would be filed. In a separate August 31 order, this court directed Attorney Powers to file a status report on the mother's representation in the appeal and to attach any order permitting his withdrawal. Attorney Powers did not respond. On September 14, 2023, this court issued a follow-up order, but Attorney Powers did not respond.

On September 25, 2023, Attorney Powers filed a motion to withdraw. On October 18, 2023, this court denied the motion to withdraw, explaining that Attorney Powers remained attorney of record until he complied with the August 31 and September 14 orders concerning designations and until he filed a proper motion to withdraw. The order explained in detail what Attorney Powers needed to do, and it threatened sanctions for his failure to comply within ten days. Attorney Powers did not respond.

On November 2, 2023, this court issued an order directing Attorney Powers to show cause why sanctions should not be imposed for his failure to comply with the August 31 and September 14 orders. That same day, Attorney Powers filed a status report stating that the mother had failed to return his calls and emails. He said he had "drafted certain motions" and was awaiting contact from the mother for missing

information.  He also stated that he was deeply embarrassed that he was unaware "of some the recent orders."

On November 8, 2023, this court issued an order directing Attorney Powers to file a status report on his efforts to communicate with the mother regarding the information needed for the completion of the indigency application, the designations to the court reporter, the directions to the clerk, and the motion for appointment of appellate counsel.  The order gave Attorney Powers the option of filing a renewed motion to withdraw if he was unable to communicate with the mother.  Attorney Powers did not respond.  On November 27, 2023, this court followed up with an order directing Attorney Powers to comply with the November 8 order within ten days.  Attorney Powers did not respond.  Then on December 12, 2023, this court issued an order directing Attorney Powers to comply with the November 8 and 27 orders within ten days or risk sanctions.

On December 20, 2023, Attorney Powers filed a copy of the designation to the court reporter, a copy of the directions to the clerk, and a copy of a motion for appointment of appellate counsel.  On January 16, 2024, this court issued an order stating that none of those documents had been filed in the trial court and giving Attorney Powers five days to file a status report concerning the filing of the documents in the trial court.  Attorney Powers did not respond.

On February 8, 2024, this court issued an order stating that the trial docket reflected that a motion for appointment of appellate counsel had been filed on January 22, 2024, and remained pending.  The order directed Attorney Powers to provide a status report on the appointment of appellate counsel within ten days.

On February 13, 2024, Attorney Powers filed a motion to withdraw as counsel styled in the trial court. On February 28, 2024, this court issued an order requesting that the trial court judge rule on both the January 22 motion for appointment of appellate counsel and the February 13 motion to withdraw at her earliest convenience.

On April 4, 2024, this court issued an order stating that the trial court's docket reflected that the trial court had granted Attorney Powers' motion to withdraw and had denied the motion for appointment of appellate counsel. This court directed Attorney Powers to file a motion to withdraw in this proceeding together with a copy of the trial court's order within ten days. Attorney Powers did not respond. On April 22, 2024, this court followed up with an order directing Attorney Powers to comply with the April 4 order or risk sanctions. Attorney Powers did not respond.

On May 20, 2024, this court issued an order for Attorney Powers to appear and show cause why sanctions should not be imposed for his failure to comply with this court's orders of April 4 and April 22, which had directed him to file a motion to withdraw as appellate counsel in this court. The order advised that if Attorney Powers complied with the orders by 1 p.m. on Thursday, May 30, 2024, he could seek to discharge the order to show cause.

Attorney Powers did not take advantage of the purge provision of the order to show cause but appeared before the panel as scheduled. He stated that he was deeply apologetic and that he could not explain his failure to comply with this court's orders. He mentioned that he has been overwhelmed from taking on too many cases in his private practice and from participating in multiple voluntary Bar activities. He mentioned that he recently moved offices. Attorney Powers also

4

mentioned that he had not been paid in this case. He did not offer any assurances that he would comply with this court's orders.

Due to Attorney Powers' failure to comply with this court's directives and the attendant delays in this expedited proceeding, we hereby refer this matter to The Florida Bar for investigation and initiation of such proceedings as may be appropriate.

BLACK, ATKINSON, and LABRIT, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.